UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jasper Junior Bowers, | ) C/A No. 3:11-2197-RBH-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Alvin S. Glenn Detention Center;<br>Director Ronaldo Myers;<br>Correct Care Solutions;<br>Officer Lippett;<br>Officer Spell;<br>Nurse Alexander;<br>Jon Bosh, Vice President of Operations of Correct Care Solutions, A Private Company, | ) Report and Recommendation |
| Defendants. | ) |

Jasper Junior Bowers (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a detainee at the Alvin S. Glenn Detention Center (ASGDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As

the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even under this less stringent standard, however, the undersigned finds and concludes that the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

On July 31, 2011, Plaintiff felt ill and refused to take medication being distributed by Defendants Officer Spell and Nurse Alexander, employees of the ASGDC.[1] ECF No. 1, page 1; ECF No. 1-2, page 3. Defendants Spell and Alexander informed Plaintiff that he would be "punished" in a twenty-four hour lock-down if he did not take the medication or sign a form refusing to do so. *Id.* Plaintiff refused to comply with the directive and asked that Defendants Spell and Alexander contact a supervisor. ECF No. 1, page 2; ECF No. 1-2, page 4. Defendant Lippett, an ASGDC supervisor, then authorized Plaintiff's confinement to his cell for a six (6) hour period. *Id.* Plaintiff names Defendants Ronaldo Myers and Jon Bosh for failing to intervene to prevent the misuse of force. ECF No. 1-2, page 6. Plaintiff seeks monetary damages for the Defendants' actions. *Id. See also* ECF No. 1, page 3.

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff names one Defendant, the Alvin S. Glenn Detention Center, which is not amenable to suit under § 1983. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983.") *overruled on other grounds by Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *Cf. Roach v. West Virginia Reg'l Jail and Corr. Facility*, 74 F.3d 46, 48 (4th Cir. 1996). As a facility used primarily to house pretrial detainees, the Alvin S. Glenn

Detention Center is not a proper defendant under § 1983. Therefore, this Defendant is entitled to summary dismissal from the instant action.

Next, Plaintiff provides no factual allegations against Defendant Correct Care Solutions. A Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Curtis v. Ozmint*, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302 at *4 n.5 (D.S.C. Jan. 5, 2011). Further, Plaintiff identifies Defendant Correct Care Solutions as a "private company." ECF No. 1-2, page 1. However, purely private conduct is not actionable under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982). As Plaintiff provides insufficient facts to state a cognizable claim against Defendant Correct Care Solutions, this Defendant is also entitled to dismissal.

The Complaint also fails to demonstrate any direct involvement by Defendants Jon Bosh[2] and Ronaldo Myers in the events which transpired on July 31, 2011. Instead, Plaintiff names Defendants Myers and Bosh for failing to intervene and prevent the alleged misuse of force. ECF No. 1-2, page 6. While a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior, *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir.1999), supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994). In order to establish supervisory liability, a plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of

---

[2] It is noted that Plaintiff also fails to demonstrate "state action" by Defendant Jon Bosh, Vice President of Operations for Correct Care Solutions.

constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d at 221. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions." *Shaw*, 13 F.3d at 799 (citing *Slakan v. Porter*, 737 F.2d 368, 373-74 (4th Cir. 1984)). "Ordinarily [a plaintiff] cannot satisfy this burden of proof by pointing to a single incident or isolated incidents." *Slakan,* 737 F.2d at 373. The instant Complaint provides no factual allegations to demonstrate that Defendants Myers and Bosh were aware of any pervasive risk of harm to the Plaintiff , or that these two Defendants were deliberately indifferent to any such risk. As Plaintiff fails to establish supervisory liability against Defendants Myers and Bosh, the Complaint against them should be dismissed.

Plaintiff's allegations against the remaining Defendants, Officer Spell, Nurse Alexander, and Officer Lippett, involve the violation of Plaintiff's right to due process, cruel and unusual punishment, and excessive use of force. In regards to Plaintiff's due process claim, it is true that disciplinary proceedings which implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). However, to prevail on a due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action.. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir.1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation

did not present the type of atypical, significant deprivation in which a state might create a liberty interest).

In the case *sub judice*, Plaintiff has made no allegations or representations to the Court that his confinement resulted in an increase in the sentence imposed. Nor does Plaintiff provide facts to indicate that the six hours of confinement imposed an atypical or significant hardship. Therefore, Plaintiff's due process claim must fail. *See, e.g., Beverati*, 120 F.3d at 502 (4th Cir.1997) (confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause by its own force, and inmates did not possess a liberty interest in avoiding administrative segregation).

Next, Plaintiff alleges cruel and unusual punishment[3] by Defendants Spell, Alexander, and Lippett. The Constitution prohibits punishments which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)(quoting *Gregg v. Georgia*, 428 U.S. 153, 173(1976)). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements-that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995)(quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993)(quotation omitted)). In the present case, even if Plaintiff could establish that Defendants Spell, Alexander, and Lippett acted with a "sufficiently culpable state of mind," Plaintiff provides no facts to demonstrate that he was denied any basic human need during the six hour cell

---

[3] To the extent that Plaintiff is a pretrial detainee, his claims are governed by the Fourteenth Amendment, not the Eighth Amendment. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

confinement. As such, Plaintiff's cruel and unusual punishment claim is also subject to summary dismissal.

Finally, Plaintiff alleges that he was subjected to excessive force by Defendants Spell, Alexander and Lippett. However, the Complaint contains no facts to demonstrate the use of any force against Plaintiff by these Defendants. Plaintiff indicates that, "shortly after [refusing medication] the Plaintiff was confined to his cell by the Defendants, Officer Spell, Sergent [sic] Lippett and Nurse Alexander." ECF No. 1-2, page 4. Defendant Spell is additionally named for passing Plaintiff's cell "on a security check," and for telling Plaintiff that his confinement would last for "six hours." *Id.* Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). He must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). Plaintiff fails to allege sufficient facts to state a cognizable excessive force claim. Therefore, Defendants Spell, Alexander, and Lippett are also entitled to summary dismissal from this action..

### Recommendation

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed *without* prejudice. It is further recommended that Plaintiff's Motion for Default Judgment, ECF No. 11, be **denied**.

November 3, 2011  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).