IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jasper Junior Bowers,<br>   Plaintiff,<br><br>  vs.<br><br>Jon Bosh, Nurse Alexander, Alvin S.<br>Glenn Detention Center, Director Ronaldo<br>Myers, Correct Care Solutions, Officer<br>Lippett, Officer Spell,<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No.: 3:11-2197-RBH<br><br>**ORDER** |

  Plaintiff, a state prisoner proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the Report and Recommendation.[1]  In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error.  Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.  Therefore, it is

---

[1] Plaintiff has not filed any objections to the Report and Recommendation.  The court does note, however, that Plaintiff has filed a document that he titled "Motion for Chronology Log," [Docket Entry 16].  In that Motion, Plaintiff complains that the court/clerk's office has failed to send him copies of the documents that he has mailed to the court for filing.  Specifically, Plaintiff sets forth a list in chronological order of all documents that he claims to have sent to the court for filing and states that "on each of [his] filing[]s to the court [he] has requested to the court for a return copy of the documents [he] ha[s] submitted to be filed for [his] records and as proof that the court has received what [he] ha[s] sent, submitted to be filed.  As of th[e] date [of the Motion] [he] ha[s] received no copies from the court of any documents that [he] ha[s] submitted." Motion at 1-2.  Plaintiff then requests "the court to send [him] any and all documents that has been filed that pertains to the . . . actions." *Id.* at 3.  Upon review, the court notes that nowhere in that Motion does Plaintiff set forth an objection to the Report and Recommendation, nor does he seek an extension of time in which to file any objections.  Accordingly, in light of the fact that Plaintiff has failed to object to the Report and Recommendation, the court will ultimately adopt that Report after reviewing the face of the record for clear error and finding none. *See Diamond*, 416 F.3d at 315.

As for the Motion for Chronology Log itself, the court denies it as moot.  Plaintiff has two (2) other pending actions that are also referenced in the Motion.  Both of those actions (C/A Nos. 3:11-2501 & 3:11-2017) are still pending before the Magistrate Judge and the Motion for Chronology Log has been docketed in each of those other actions. *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the court may take judicial notice of its own records) (internal quotations and citations omitted); *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (holding that "[t]he District Court clearly had the right to take notice of its own files and records").  Because this Order ultimately dismisses the instant action for the reasons discussed above, the court will deny as moot the Motion for Chronology Log as far as it relates to the instant action.

**ORDERED** that the Complaint in the above-captioned case is dismissed without prejudice. It is further ordered that Plaintiff's Motion for Default Judgment [Docket Entry 11] and Motion for Chronology Log [Docket Entry 16] are denied.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
December 13, 2011